## William Freihofer Baking Co. et al. v. Collins, etc.

*Alvin L. Little* and *Eugene H. Feldman,* for plaintiffs.

*Paul A. Koontz,* for defendant.

WRIGHT, P. J., February 9, 1942.—On February 17, 1941, a motor vehicle owned by the William Freihofer Baking Company, operated by its agent, A. M. Eckhardt, insured against collision by the Pacific National Fire Insurance Company, and in which motor vehicle

Joseph V. Fritschie was a passenger, became involved in a collision on the public highway in Bedford Township, Bedford County, with a motor vehicle owned and operated by H. M. Collins. The William Freihofer Baking Company, the Pacific National Fire Insurance Company, and Joseph V. Fritschie, instituted the above trespass action against H. M. Collins, who filed an affidavit of defense, and a petition asking (*a*) that the court order a separate trial of the cause of action of Joseph V. Fritschie, and (*b*) that the William Freihofer Baking Company and A. M. Eckhardt be joined as additional defendants in the cause of action declared upon by Joseph V. Fritschie.

The William Freihofer Baking Company, by counsel, then filed a motion to dismiss the petition as to it for the reason that Pa. R. C. P. 213(*b*) does not authorize a severance; further that, if a severance was authorized, a petition which asks only for a separate trial is not sufficient; and finally under Pa. R. C. P. 2252 a party plaintiff cannot be joined as an additional defendant. Upon this motion a rule was granted, an answer filed, and the matter is now before the court for determination.

The questions involved are:

1. Does the court have the authority to grant a severance?

2. Does a request for a separate trial amount to a request for a severance?

3. If the actions may be, and are, severed, should the William Freihofer Baking Company and A. M. Eckhardt be joined as additional defendants in the action of Joseph V. Fritschie?

It is apparent that there is some confusion in the minds of the Procedural Rules Committee relative to this situation, that is, where the owner-operator of a motor vehicle and his passenger join as plaintiffs in bringing a trespass action, and in which situation the

original defendant then desires to sever the actions and to join the owner-operator as an additional defendant in the passenger's action. In the discussion of this question in the Goodrich-Amram Procedural Rules Service 213(B-1), it is stated that rule 213(b) does not authorize the severance of an action into several actions. However, immediately thereafter there is set forth the form of a petition for "severance", and in the body of that form appears a request for a "separate trial". Further, in Goodrich-Amram, Rule 2252(a)-5, it is stated that the defendant should be able to assert in some manner that the driver plaintiff is alone or jointly liable for the cause of action upon which the guest plaintiff has declared, but that the assertion of such claims by the original defendant should not be made by joining any of the plaintiffs as additional defendants. Yet in a note at the bottom of the same page (20) it is stated that it would, therefore, seem that the court may direct a "severance" after which the court may join a former coplaintiff as an additional defendant. Furthermore, in the discussion of this matter by Philip W. Amram, Esq., as reported in the Forty-Sixth Annual Report of the Pennsylvania Bar Association, page 128 (bottom), it is stated that under rule 213 the court is given the right to "sever".

It is further apparent that the decisions of the lower courts which have considered this question are in conflict. In Freeman et ux. v. MacDonald et ux., 42 D. & C. 158, Judge Fronefield, of Delaware County, has held that the provision authorizing "separate trials" does not amount to authority for "severance". In Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161, Judge Crumlish, of Philadelphia County, has ruled that the court may order a "severance". In Haney et al. v. Zimmerman, 42 D. & C. 716, Judge Ellenbogen, of Allegheny County, has ruled that it is proper to petition for a "separation". In Williams et al. v. Laurel Line Taxicab Co. et al., 43 D. & C. 165, Judge Leach, of

Lackawanna County, discusses this question but does not decide it.

We are of the opinion that the permissive joinder of the actions of an owner-operator and his passenger under Pa. R. C. P. 2229 is merely a convenience in the matter of trial and that, after all, the causes of action are still separate. Even if the actions were tried together, separate verdicts would be returned. We feel, therefore, that a petition asking for a separate trial is sufficient to sever the actions, and that the use of the actual word "severance" in the petition is not necessary. If we felt otherwise, we could still grant defendant leave to amend his petition so that in the end the same result would be effected. We feel finally that defendant should be permitted to join the owner-operator as an additional defendant in the action of the guest passenger.

In the interest of substantial justice, therefore, we propose to hold that the actions of the owner-operator and his passenger may be severed under Pa. R. C. P. 213(*b*) ; that a petition asking for a separate trial is sufficient for that purpose, and that the owner-operator may then be joined as an additional defendant in the action of the passenger under Pa. R. C. P. 2252. Hence the following

### Decree

Now, to wit, February 9, 1942, rule discharged. The action of Joseph V. Fritschie is severed from the action of the William Freihofer Baking Company and its collision carrier, the Pacific National Fire Insurance Company, and A. M. Eckhardt and the William Freihofer Baking Company are joined as additional defendants in the action of Joseph V. Fritschie. An exception is noted to the William Freihofer Baking Company.